UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAFFON GLYMPH,<br><br>                Plaintiff,<br><br>    v.<br><br>CT CORPORATION SYSTEMS, and COMPUCOM,<br><br>                Defendants. | CASE NO. 2:21-cv-1704-JHC<br><br>ORDER |

### I.

### INTRODUCTION

This matter comes before the Court on Defendant[1] CompuCom Systems, Inc.'s motion to dismiss. Dkt. # 6. Having reviewed the materials in support of and in opposition to the Motion, as well as the file herein, the Court GRANTS the Motion in part and DISMISSES this matter in part with prejudice and in part without prejudice.

---

[1] Defendant CompuCom explains, "Pro se Plaintiff Laffon Glymph has erroneously named Defendant CompuCom Systems, Inc.'s registered agent, CT Corporation Systems, as a defendant in this matter." And "[p]ro se Plaintiff Laffon Glymph has erroneously listed Defendant CompuCom Systems, Inc. simply as 'CompuCom' as a defendant in this matter." The Court DISMISSES CT Corporation Systems from this matter.

ORDER - 1

## II.

### BACKGROUND

Glymph alleges she experienced a medical emergency in 2018 and went on Family and Medical Leave Act (FMLA) leave on October 15, 2018.  Compl., Dkt. # 1-2.  She remained on leave until November 15, 2018.  *Id.*  She alleges that ten days after she returned to work, CompuCom terminated her employment.  *Id.*

Glymph filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on August 14, 2019.  Response, Dkt. # 10.  On February 20, 2020, the EEOC responded by dismissing her charge because it was "unable to conclude that the information obtained establishes violations of the statutes" and informing her of her right to sue.  *Id.*; Dkt. # 6, Ex. B.

On November 19, 2021, Glymph sued CompuCom in King County Superior Court, claiming "wrongful termination, disability discrimination, FMLA violation, and employer retaliation."[2]  Compl., Dkt. # 1-2.  The case was removed to this Court on December 29, 2021.  Dkt. # 1.  CompuCom moves for dismissal with prejudice under Federal Rule of Civil Procedure 12(b)(6).  Dkt. # 6.

## III.

### ANALYSIS

A.   Rule 12(b)(6)

Defendant Compucom says Plaintiff fails to plead any facts in her complaint that allege a causal connection between her taking FMLA leave or her purported disability and her termination.  The Court agrees.

---

[2] In her response, Plaintiff clarifies that she is bringing an Americans with Disabilities Act (ADA) claim.  Dkt. # 10.  Defendant does not object to this clarification.

ORDER - 2

Rule 12(b)(6) provides for dismissal when a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion under the rule, the Court construes the complaint in the light most favorable to the nonmoving party. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Because Plaintiff is *pro se*, the Court must construe her pleadings liberally. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

1. Inadequate factual allegations

To establish an FMLA claim, a plaintiff must show that their "'taking of FMLA-protected leave constituted a negative factor in the decision to terminate [them].'" *Poe v. Waste Connections US, Inc.*, 371 F. Supp. 3d 901, 913 (W.D. Wash. 2019) (quoting *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1125 (9th Cir. 2001)) (alteration in original). And to establish an Americans with Disabilities Act (ADA) claim, a plaintiff must show that they are "(1) disabled under the Act, (2) a 'qualified individual with a disability,' and (3) discriminated against 'because of' the disability." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 988 (9th Cir. 2007) (quoting *Nunes v. Wal–Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir.1999)).

Plaintiff's complaint alleges: "On October 15th 2018 Plaintiff went on emergency FMLA for an unexpected medical condition"; "Plaintiff notified employer Defendant on October 15th 2018 of medical condition"; "Plaintiff on FMLA [sic] for 30 days from October 15th 2018 to November 15th 2018"; "Return to work on November 16, 2018"; "On November 26th 2018 Defendant fired Plaintiff." Compl., Dkt. # 1-2. The complaint also claims "[w]rongful

termination/FMLA violation" because "Defendant fired Plaintiff after returning from FMLA"; "Disability discrimination" because "Plaintiff qualified as disabled for a temporary impairment medically diagnosed"; and "Employer retaliation" because of "FMLA emergency medical leave." Compl., Dkt. # 1-2.

Plaintiff's complaint, construed liberally, lacks sufficient factual allegations, which, accepted as true, allow the Court to draw a reasonable inference that Defendant is liable. The facts she alleges do not show that her taking FMLA leave was a factor in the decision to terminate her, it shows only that the termination chronologically followed her taking leave. And similarly, the facts she alleges do not show that Defendant terminated her because of her purported disability.

2.   Statutes of limitations

As a separate argument for dismissal, Defendant contends that Plaintiff's FMLA and ADA claims are time-barred. Plaintiff responds by suggesting that the COVID-19 pandemic interfered with her ADA claim. The Court agrees with Defendant in part and dismisses on this ground.

a.   FMLA

Generally, FMLA claims must be brought within two years of "the date of the last event constituting the alleged violation for which the action is brought." 29 U.S.C. § 2617(c)(1). But that period is extended to three years if the defendant's actions were "willful." 29 U.S.C. § 2617(c)(2). In order "to benefit from the FMLA's three-year statute of limitations, a plaintiff must show that her employer either knew or showed reckless disregard for whether its conduct violated the Act." *Olson v. United States by & through Dep't of Energy*, 980 F.3d 1334, 1339 (9th Cir. 2020).

Plaintiff's employment was allegedly terminated on November 26, 2018 and she filed her complaint on November 18, 2021, just under three years later. Compl., Dkt. # 1-2. Thus, the only way Plaintiff's complaint could be considered timely is if Defendant's actions were "willful" under 29 U.S.C. § 2617(c)(2). Plaintiff does not use the word "willful" in her complaint nor allege facts showing a willful violation.

      b.     ADA

Before bringing an ADA lawsuit, a plaintiff must file a charge of discrimination with the EEOC. 42 U.S.C. § 12117(a) (the ADA's adoptions of the procedures set forth in 42 U.S.C. § 2000e-5); 42 U.S.C. § 2000e-5. If the EEOC sends a "right-to-sue letter . . . a plaintiff generally has 90 days to file suit." *Stiefel v. Bechtel Corp.*, 624 F.3d 1240, 1245 (9th Cir. 2010); 42 U.S.C. § 2000e-5(f)(1) ("within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge").

According to Plaintiff, she filed a discrimination charge with the EEOC on August 14, 2019. Response, Dkt. # 10; *see also* Dkt. # 6, Ex. A. The EEOC sent her a right-to-sue letter on February 10, 2020. Response, Dkt. # 10; Dkt. # 6, Ex. B. Thus, she had 90 days from that time to file her complaint under 42 U.S.C. § 2000e-5(f)(1). Plaintiff filed her complaint on November 18, 2021, well over a year later. Dkt. # 1-2.

Plaintiff appears to blame COVID-19-related Court closure for her untimeliness. But nothing she submits indicates that she could not have timely commenced an action in King County Superior Court, where she filed this action. Nor does she support this apparent argument with any law. Response, Dkt. # 10. The Court concludes that Plaintiff's ADA claim is similarly time-barred.

      c.     Leave to amend

Defendant argues that dismissal should be with prejudice because amendment of the complaint would be futile. *See BP W. Coast Prod. LLC v. SKR Inc.*, 989 F. Supp. 2d 1109, 1116 (W.D. Wash. 2013) ("Leave to amend should not be granted when amendment would be futile, and futility alone is enough to refuse amendment."). The Court agrees in part. Futility exists as to the ADA claim, as the limitations period, under the facts alleged by Plaintiff, has expired. But if Plaintiff alleges facts amounting to willfulness for her FMLA claim, the three-year limitations period would appear to apply. And Plaintiff would need to allege facts reflecting causation as to the FMLA claim sufficient with withstand another motion to dismiss.

## IV.

### CONCLUSION

Based on the above, the Court GRANTS the Motion in part. Plaintiff's ADA claim is dismissed with prejudice. Plaintiff's FMLA claim is dismissed without prejudice. The Court DISMISSES CT Corporation Systems from this matter. The Court GRANTS Plaintiff leave to amend her complaint; she must do so by June 30, 2022 or this matter will be dismissed with prejudice. The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 10th day of June, 2022.

John H. Chun
United States District Judge