UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAFFON GLYMPH,<br><br>    Plaintiff,<br><br> v.<br><br>CT CORPORATION SYSTEMS, and COMPUCOM,<br><br>    Defendants. | CASE NO. 2:21-cv-01704-JHC<br><br>ORDER |

   This matter comes before the Court on *pro se* Plaintiff Laffon Glymph's Motion for Leave to Proceed *in Forma Pauperis*. Dkt. # 26.

   Courts may permit indigent litigants to proceed *in forma pauperis* ("IFP") after submitting an affidavit of indigency. 28 U.S.C. § 1915(a). "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Bylsma v. Hawaii Pub. Hous. Auth.*, 951 F. Supp. 2d 1116, 1119 (D. Haw. 2013) (quoting *Adkins v. E.I. Du Pont de Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)) (internal quotations omitted). Courts have broad discretion in deciding an IFP application, but "the privilege of proceeding [IFP] . . . in civil

ORDER - 1

actions for damages should be allowed only in exceptional circumstances." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963).

Courts allow litigants to proceed IFP when they show they cannot pay the filing fee. 28 U.S.C. § 1915(a)(1) (litigants must be "unable to pay such fees or give security therefor"). But the IFP statute "does not itself define what constitutes insufficient assets." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). A litigant "need not be absolutely destitute to obtain benefits of the [IFP] statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960). At a minimum, a litigant seeking to proceed IFP must allege a level of poverty "with some particularity, definiteness and certainty." *Id.*

Glymph claims she is employed and makes $4,800 per month and has $200 in a checking account. Dkt. # 26 at 1–2. She says her monthly expenses total $4,340. *Id.* at 2. She asserts that she pays $2,800 per month on rent and $1,540 per month on food, insurance, car payments, loan payments, and warranty payments. *Id.* She states that the cost of living in Washington is high, that she is "financially indigent," and that paying a filing fee would constitute a "financial hardship." *Id.*

Glymph's financial situation does not meet the threshold level of poverty to permit her to proceed IFP. Although she has high monthly expenses, Glymph is employed with an annual income of around $57,600. Glymph's level of income in a civil case dissuades the Court from determining that her finances present "exceptional circumstances" that merit IFP status. *Weller*, 314 F.2d at 600. *See Sears, Roebuck & Co. v. Charles W. Sears Real Est., Inc.*, 686 F. Supp. 385, 388 (N.D.N.Y.), *aff'd*, 865 F.2d 22 (2d Cir. 1988) (denying IFP petition because petitioner and his wife had "a combined annual income of between $34,000 and $37,000").

Glymph's Motion for Leave to Proceed *in Forma Pauperis* is DENIED. Dkt. # 26. Glymph must pay the filing fee within thirty days of this Order.

ORDER - 2

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 21st day of September, 2022.

John H. Chun
United States District Judge

ORDER - 3