UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LAFFON GLYMPH,<br><br>             Plaintiff,<br><br>      v.<br><br>CT CORPORATION SYSTEMS[1] and COMPUCOM[2],<br><br>             Defendants. | Case No. 2:21-cv-01704-JHC<br><br>**ORDER** |

This matter comes before the Court on pro se Plaintiff Laffon Glymph's "Motion for Recusal or Disqualify Judge Under 28 USC 455." Dkt. # 45. The Court has reviewed the materials submitted in connection with the motion, the remainder of the file, and the governing law. Being fully advised, for the reasons discussed below, the Court DENIES the motion.

"Whenever a motion to recuse directed at a judge of this court is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, the challenged judge will review the motion papers and decide whether to recuse voluntarily." LCR 3(f). "If the challenged judge decides not to voluntarily

---

[1] On June 10, 2022, this Court dismissed CT Corporation Systems, Defendant's registered agent, from the case. Dkt. # 19.
[2] Pro se Plaintiff Laffon Glymph listed Defendant CompuCom Systems, Inc. simply as "CompuCom" as a defendant in this matter.

**ORDER** - 1
2:21-CV-01704-JHC

recuse, he or she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee." *Id.*

A judge of the United States must recuse from any proceeding in which their impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). Federal judges must also disqualify themselves in circumstances when they have a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1). "[A] judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) ("To warrant recusal, judicial bias must stem from an extrajudicial source.").

Plaintiff does not present any argument giving rise to a legitimate question of the undersigned judge's impartiality. First, she does not point to any "extrajudicial source" of bias, such as some sort of connection with a party. Second, she bases her argument on adverse rulings by the Court. But "adverse rulings do not constitute the requisite bias . . ., even if they were erroneous[.]"[3] *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983).

---

[3] Plaintiff points to the Court's dismissal of her FMLA claim. Dkt. # 45 at 2. The Court initially dismissed this claim without prejudice for failure to allege causation and the willfulness required to have a longer limitations period apply. Dkt. # 19. The Court granted Plaintiff leave to amend. *Id.* Because Plaintiff apparently misconstrued this order and failed to file a timely amended complaint, the Court granted her additional time to amend. Dkt. # 21. She then filed her amended pleading. Dkt. # 22. Defendant again moved to dismiss. Dkt. # 23. Plaintiff did not oppose the motion. *See generally* Dkt. The Court again dismissed the FMLA claim based on a failure to sufficiently allege causation and willfulness to render the claim timely. Dkt. # 24. Plaintiff appealed. Dkt. # 25. (She did not appeal the earlier dismissal of her ADA claim at Dkt. # 19.) The court of appeals reversed, citing precedent with respect to inferring causation from timing but not with respect to inferring willfulness. Dkt. # 29. Defendant petitioned for rehearing, emphasizing the distinction between causation and willfulness. Ninth Circuit Case No. 22-35735, Dkt. # 27. The panel denied the petition. *Id.* at Dkt. # 29. The Court respects the ruling of the court of appeals, yet submits that its earlier ruling, Dkt. # 24, given the authority cited above, cannot serve as a basis for recusal under Section 455.

**ORDER** - 2
2:21-CV-01704-JHC

The undersigned makes rulings in each case based on the issues presented by the parties or on *sua sponte* review and has no personal bias or reason to be partial to one side or the other in this matter. Plaintiff has not shown that a reasonable person could question this Court's impartiality. The undersigned will not recuse himself voluntarily from this case.

Accordingly, the Court DENIES the motion. Also, the Court further DIRECTS the Clerk to refer the motion to Chief Judge David Estudillo for further review.

DATED this 23rd day of January, 2024.

JOHN H. CHUN
UNITED STATES DISTRICT JUDGE

**ORDER** - 3
2:21-CV-01704-JHC