UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

LAFFON GLYMPH,

          Plaintiff,

v.

CT CORPORATION SYSTEMS[1] and COMPUCOM[2],

          Defendants.

Case No. 2:21-cv-01704-JHC

**ORDER**

On January 17, 2024, pro se Plaintiff filed a second amended complaint (SAC) in this matter.[3] Dkt. #38. The next day, Defendant filed a "Motion to Strike Filing of Plaintiff's Amended Complaint." Dkt. # 40. The Court, having reviewed the briefing, the record, and the governing law, GRANTS the motion.

Federal Rules of Civil Procedure Rule 15 requires amendments sought outside the period allowing amendment as a matter of course to obtain "the opposing party's written consent or the

---

[1] On June 10, 2022, this Court dismissed CT Corporation Systems, Defendant's registered agent, from the case. Dkt. # 19.

[2] Pro se Plaintiff has erroneously listed Defendant CompuCom Systems, Inc. simply as "CompuCom" as a defendant in this matter.

[3] Pro se Plaintiff labels this as the "Third Amended Complaint," but the record reflects this is the second amended complaint. Plaintiff filed the original complaint on December 29, 2021. Dkt. # 1. Plaintiff filed the First Amended Complaint (FAC) on July 15, 2022, but titled it "Second Amended Complaint." Dkt. # 22.

**ORDER** - 1
2:21-CV-01704-JHC

court's leave." Fed. R. Civ. P. 15(a); *see e.g*, *Jovee v. Snohomish County et al.*, 2:21-cv-01590-RSM, at *1 (W.D. Wash., Feb. 24, 2022) (court dismissed *sua sponte* plaintiff's SAC because "plaintiff did not obtain defendants' written consent or the Court's leave to file a second amended complaint[]" and "[plaintiff] cannot amend his complaint without obtaining either the opposing party's written consent or the Court's leave, at this time.").

Plaintiff appears to suggest that because "Defendant[']s counsel asked for an extension of time to respond [to Plaintiff's FAC at Dkt. # 22], which was granted until January 26, 2024[,]" the SAC was filed within the "appropriate time line [sic][.]" Dkt. # 49 at 1–2. But this extension was specific to Defendant's time to file an answer to Plaintiff's Amended Complaint at Dkt. # 22. Dkt. # 39. Plaintiff's FAC was filed July 15, 2022. Dkt. # 22. Thus, Plaintiff's argument that her SAC is allowed as a matter of course under FRCP 15(a) fails. And Plaintiff did not move for leave to amend the FAC or obtain Defendant's written consent to file the SAC. *See generally*, Dkt.; Dkt. # 41 at 2; Dkt. # 41-1; LCR 15; FRCP 15(a).

Finally, Plaintiff's SAC attempts to plead claims previously dismissed by this Court. Dkt. # 38. This case is presently before the Court on remand from the Ninth Circuit, limited to Plaintiff's Retaliation claim under the FMLA. Dkt. # 29. Thus, the Court instructs the Plaintiff to avoid seeking amendments that raise claims previously resolved by this Court and that are not before this Court on remand from the Ninth Circuit. See FRCP 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.").

**ORDER** - 2
2:21-CV-01704-JHC

1   For the foregoing reasons, the Court GRANTS Defendant's motion. The Court directs the
2   Clerk to STRIKE Plaintiff's "Third Amended Complaint" at Dkt. # 38.

    DATED this 2nd day of February, 2024.

*John H. Chun*

JOHN H. CHUN
UNITED STATES DISTRICT JUDGE

**ORDER** - 3
2:21-CV-01704-JHC